United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 20-10070-elf
Roderick T. Meer                                                        Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2         User: Keith              Page 1 of 1              Date Rcvd: Feb 12, 2020
                             Form ID: 309I            Total Noticed: 15

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 14, 2020.
```
db              +Roderick T. Meer,    511 Catharine Street,    Philadelphia, PA 19147-3055
14448207        +Bureau of Account Managment,     3607 Rosemont Ave Ste 502,    Po Box 8875,
                  Camp Hill, PA 17001-8875
14448209        +Quality Asset Recovery,    Attn: Bankruptcy,    Po Box 239,   Gibbsboro, NJ 08026-0239
14448210        +Rushmore Loan Management Services,    PO Box 52708,    Irvine, CA 92619-2708
14464409        +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,    PO Box 9013,
                  Addison, Texas 75001-9013
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
aty              E-mail/Text: gtadross@tadrosslaw.com Feb 13 2020 03:06:47       GEORGE R. TADROSS,    Tadross Law,
                  128 Chestnut Street,    Suite 204,   Philadelphia, PA  19106
tr              +E-mail/Text: bncnotice@ph13trustee.com Feb 13 2020 03:07:53       WILLIAM C. MILLER, Esq.,
                  Chapter 13 Trustee,    P.O. Box 1229,    Philadelphia, PA 19105-1229
smg              E-mail/Text: megan.harper@phila.gov Feb 13 2020 03:07:34       City of Philadelphia,
                  City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                  Philadelphia, PA  19102-1595
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Feb 13 2020 03:07:03
                  Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                  Harrisburg, PA   17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Feb 13 2020 03:07:31       U.S. Attorney Office,
                  c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
ust              E-mail/Text: ustpregion03.ph.ecf@usdoj.gov Feb 13 2020 03:07:19       United States Trustee,
                  Office of the U.S. Trustee,    200 Chestnut Street,    Suite 502,   Philadelphia, PA 19106-2908
14448208        +EDI: CAPITALONE.COM Feb 13 2020 07:53:00      Capital One,    Attn: Bankruptcy,   Po Box 30285,
                  Salt Lake City, UT 84130-0285
14451595        +EDI: AIS.COM Feb 13 2020 07:53:00      Capital One Bank (USA), N.A.,    4515 N Santa Fe Ave,
                  Oklahoma City, OK 73118-7901
14448211        +EDI: RMSC.COM Feb 13 2020 07:53:00      Synchrony Bank/Care Credit,    Attn: Bankruptcy Dept,
                  Po Box 965060,    Orlando, FL 32896-5060
14448212         EDI: TFSR.COM Feb 13 2020 07:53:00      Toyota Financial Services,    Atty: Bankruptcy Dept,
                  Po Box 8026,   Cedar Rapids, IA 52409
                                                                                              TOTAL: 10
```

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 14, 2020                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 6, 2020 at the address(es) listed below:
```
              GEORGE R. TADROSS    on behalf of Debtor Roderick T. Meer gtadross@tadrosslaw.com,
               r55386@notify.bestcase.com;robin@tadrosslaw.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                              TOTAL: 3
```

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Roderick T. Meer** | Social Security number or ITIN  xxx–xx–6416 |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | Eastern District of Pennsylvania | Date case filed for chapter  13  1/6/20 |
| Case number: | 20–10070–elf | |

Official Form 309I

# Notice of Chapter 13 Bankruptcy Case                              12/17

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | **About Debtor 1:** | **About Debtor 2:** |
|---|---|---|---|
| 1. | **Debtor's full name** | Roderick T. Meer | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 511 Catharine Street<br>Philadelphia, PA 19147 | |
| 4. | **Debtor's attorney**<br>Name and address | GEORGE R. TADROSS<br>Tadross Law<br>128 Chestnut Street<br>Suite 204<br>Philadelphia, PA 19106 | Contact phone 267–643–1415<br><br>Email: gtadross@tadrosslaw.com |
| 5. | **Bankruptcy trustee**<br>Name and address | WILLIAM C. MILLER, Esq.<br>Chapter 13 Trustee<br>P.O. Box 1229<br>Philadelphia, PA 19105 | Contact phone 215–627–1377<br><br>Email: ecfemails@ph13trustee.com |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | 900 Market Street<br>Suite 400<br>Philadelphia, PA 19107 | Hours open:<br>Philadelphia Office –– 8:30 A.M. to 5:00 P.M;<br>Reading Office –– 8:00 A.M. to 4:30 P.M.<br><br>Contact phone (215)408–2800<br><br>Date: 2/12/20 |

**For more information, see page 2**

Debtor **Roderick T. Meer**                                                                                                          Case number **20–10070–elf**

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **March 25, 2020 at 10:30 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Location:**<br>Suite 18–341, 1234 Market Street,<br>Philadelphia, PA 19107 |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f), or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 5/24/20** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 3/16/20** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 7/4/20** |
| | **Deadlines for filing proof of claim:**<br> A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan** | The debtor has filed a plan. This plan proposes payment to the trustee of $1012.97 per month for 60 months. The plan is enclosed. The hearing on confirmation will be held on:<br>**4/14/20** at **10:00 AM** , Location: **Courtroom #1, 900 Market Street, Philadelphia, PA 19107** | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. | |